**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALENTIN DIEGO MATEO,  <br>          Petitioner,  <br>     v.  <br>DAVID B. LONG, Warden,  <br>          Respondent. | ) No. ED CV13-1319-FMO (AS)  <br>)  <br>)  <br>) **ORDER ACCEPTING FINDINGS,**  <br>)  <br>) **CONCLUSIONG AND RECOMMENDATIONS**  <br>)  <br>) **OF UNITED STATES MAGISTRATE JUDGE**  <br>)  <br>) |

    Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.  The Court accepts and adopts the Magistrate Judge's Report and Recommendation.  After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.  However, the Court addresses certain arguments raised in the Objections below.

In his objections, Petitioner contends that the Magistrate Judge: (1) failed to apply the correct legal standard for the prejudice analysis; and (2) erred in improperly deferring to the California Court of Appeal's decision on collateral review because it used the wrong legal rule or framework. (Objections at 2.) As set forth below, Petitioner's objections are without merit.

Petitioner contends that the "'gravaman' of Petitioner's argument . . . is basically instructional error," and thus the harmless error standard for omitted jury instructions should apply. (Objections at 8, 15—16 (citing, *inter alia*, Pope v. Illinois, 481 U.S. 497, 503 (1987).) However, Petitioner asserts only one ground for federal habeas relief: ineffective assistance of counsel based on trial counsel's failure to research the law with regard to intent for rape of an unconscious person and failure to request a supplemental jury instruction for specific intent for burglary to commit rape. (See Pet. 13.) Accordingly, the Report and Recommendation appropriately applies the "doubly deferential" standard under Strickland and 28 U.S.C. § 2254(d)(1) to determine whether the "state court reasonably concluded that Petitioner failed to establish either prong of the Strickland test." Cannedy v. Adams, 706 F.3d 1148, 1157 (9th Cir. 2013).

Petitioner also contends that the Court should not have applied AEDPA deference to the California Court of Appeal's decision on collateral review because its reasoning was flawed. (Objections 10—11.) Petitioner cites to the Ninth Circuit decision in Frantz v. Hazey, 533 F.3d 724, 734 (9th Cir. 2008), for the proposition that a

2

Court may not apply AEDPA deference to a state court decision that contains a mistake in reasoning (*e.g.*, use of the wrong legal rule or framework). (Objections 8.) However, the most recent Ninth Circuit case to address this issue, Tong Xiong v. Felker, 681 F.3d 1067, 1074 (9th Cir. 2012), states the following:

> We look to the state court's "decision, as opposed to its reasoning," to determine whether it was an "unreasonable application" of clearly established Supreme Court precedent. It is not enough for us to determine, in our independent judgment, that the state court's decision was incorrect, or even erroneous. Our inquiry is strictly limited to whether the state court's application of clearly established Supreme Court precedent in its final decision was "objectively unreasonable."

Id. (citing to Merced v. McGrath, 426 F.3d 1076, 1081 (9th Cir. 2005). Thus, the "proper question is whether there is 'any reasonable argument' that the state court's judgment is consistent with Strickland." Williams v. Roper, 695 F.3d 825, 831—32 (8th Cir. 2012).

Petitioner fails to explain how the California Court of Appeal's decision on collateral review conflicts with Strickland. The decision cites to People v. Fond, 71 Cal. App. 4th 127 (Ct. App. 1999), which is instructive because it demonstrates that Petitioner would not prevail on the prejudice prong of Strickland. This is because even with the supplemental jury instruction, a jury could have found that Petitioner had the requisite intent to commit rape of an unconscious person under California law, even if that intent was contingent at the time of entry.

Petitioner's remaining objections are simply re-assertions of arguments raised in the Petition.  These arguments were addressed in and rejected by the Report and Recommendation and do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

IT IS ORDERED that Judgment be entered denying and dismissing the Petitioner with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 16, 2015.

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE